IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-04-156(1) |
| | § | C.A. No. C-05-199 |
| FERNANDO LOPEZ-HINOJOSA, | § | |
| | § | |
|    Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE,
AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Fernando Lopez-Hinojosa's ("Lopez") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 17),[1] which the Court deems filed as of April 16, 2005.[2] The Court ordered the government to respond, and the government filed a response and motion for summary judgment, or, alternatively, to dismiss. (D.E. 25). To date, Lopez has not filed a reply. As discussed in detail herein, all but one of Lopez's claims are subject to dismissal because he waived his right to file them. The other claim, which falls outside the scope of his waiver, fails on its merits. For these

---

[1] Dockets entries refer to the criminal case, C-04-cr-156.

[2] Although Lopez's motion was received by the Clerk on April 25, 2005, it is dated April 16, 2005. It also contains a certification that it was delivered to prison authorities for mailing on April 16, 2005, which is the pertinent act for deeming a document filed by a *pro se* prisoner under Houston v. Lack, 487 U.S. 266. 276 (1988). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings). The Court thus deems it filed as of the earlier date. Utilizing either date, the motion is timely.

1

reasons, discussed in more detail below, the Court DENIES his § 2255 motion. Additionally, the Court DENIES Lopez a Certificate of Appealability.

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II.  FACTS AND PROCEEDINGS

On April 14, 2004, Lopez was charged in a single-count indictment with knowingly and intentionally possessing with intent to distribute approximately 1.81 kilograms of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (D.E. 1).  On May 27, 2004, Lopez pleaded guilty pursuant to a written plea agreement.  (D.E. 7, 8).  In exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive a three-level credit for acceptance of responsibility, and to recommend a sentence at the low end of the guideline range.  (D.E. 8).   The plea agreement contained a voluntary waiver of Lopez's right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  The defendant waives the right to appeal the sentence imposed or the manner in which it was determined.  The defendant may appeal only (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest his/her

>     conviction or sentence by means of any post-conviction proceeding.

(D.E. 8 at ¶ 8) (emphasis in original). The agreement was signed by both Lopez and his counsel. (D.E. 8). Lopez testified at his rearraignment that he understood the agreement, that he signed it, and that his attorney had talked to him about it and explained it to him. (D.E. 23, Rearraignment Transcript ("R. Tr.") at 10-11).

The Court questioned Lopez under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion. After ensuring that his waiver of appellate rights was voluntary, the Court specifically asked Lopez about his waiver of post-conviction rights:

>     **THE COURT:** You will also be giving up your right to fie other documents, papers and petitions with the Court after your case becomes final. Those documents – all Defendants have the right to file petitions with the Court after they're convicted to challenge their conviction and their sentence and their custody. But you are giving up that right as well. Do you understand?
>     **THE DEFENDANT:** Yes.
>     **THE COURT:** Do you want to give up those rights?
>     **THE DEFENDANT:** Yes.

(R. Tr. at 12-13). It is clear from the foregoing that Lopez's waiver was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

3

The Court ordered the U.S. Probation Office to prepare a Presentence Investigation Report ("PSR") and sentencing occurred on August 26, 2004. At sentencing, defense counsel objected to the PSR on the grounds that it did not give Lopez relief under the so-called "safety valve," set forth in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. (D.E. 24, Sentencing Transcript ("S. Tr.") at 2-3).[3] The government agreed that Lopez was entitled to safety valve relief, and the Court granted such relief. With a offense level of 31 and a criminal history category of I, the resulting guideline range for a term of imprisonment was 108 to 135 months. (S. Tr. at 3).

The Court sentenced Lopez to 108 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and imposed a $100 special assessment. (D.E. 14, 15). Judgment of conviction and sentence was entered August 31, 2004. (D.E. 15). Consistent with his waiver of appellate rights, Lopez did not appeal. Lopez's timely § 2255 motion was filed April 16, 2005. (D.E. 17).

### III. MOVANT'S ALLEGATIONS

In his motion, Lopez lists four claims. First, he claims that his sentence was unconstitutional because he was sentenced based on the mandatory Sentencing Guidelines regime, recently held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005). Second, in a related argument that also relies on Booker and its predecessors, he claims that this Court lacked jurisdiction at the time of sentencing because the indictment had "fatal

---

[3] The safety valve allows the court to sentence certain defendants without regard to the statutory minimum. U.S.S.G. § 5C1.2.

4

flaws." (D.E. 17 at 3). Specifically, he claims that the drug quantity set forth in the indictment is "indefinite," because it uses the term "approximately" and fails to allege the "purity" of the drug. He claims that the indictment is also flawed because it does not contain mention of his arrest. (Id.). Third, he claims that the evidence before the Court did not support the sentence imposed. His motion is unclear as to exactly what his third argument is based on. It appears, however, that he bases it on two separate contentions. The first is one related to the type of methamphetamine he possessed at the time of his arrest, and the is other a contention that methamphetamine is not an illegal substance. (D.E. 17 at 7-11).

Fourth and finally, he claims that he was denied effective assistance of counsel because his counsel advised him to plead guilty without investigating his case. Although not listed as a separate claim, he also points to alleged errors of his counsel at sentencing, including a failure to obtain a reduction in his offense level for being a minimal participant, pursuant to U.S.S.G. § 5C1.2. (D.E. 17 at 11-13). He also then goes on to couch his first three claims as ineffective assistance claims, arguing that his counsel should have objected on all of the grounds he now raises. (D.E. 17 at 12-14).[4]

For the reasons set forth herein, Lopez's claims fail.

---

[4] Lopez neither acknowledges nor challenges that he signed a waiver of § 2255 rights. Thus, he does not make any arguments related directly to the validity of the waiver.

## IV.  DISCUSSION

**A.**     **28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).

The Court need not address whether Lopez has procedurally defaulted his claims by failing to appeal.  Rather, the Court concludes that he waived the right to raise the first three claims in his § 2255 motion.  Likewise, his ineffective assistance claim challenging his counsel's failure to object on the grounds in his first three claims, and his ineffective assistance claim based on alleged errors at sentencing fall within the scope of his § 2255 waiver.  Thus, the Court does not reach the merits of those claims. See infra Section IV.C.; United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, 406 F.3d 744 (5th Cir. 2005) (enforcing a waiver of appeal rights that was signed prior to the issuance of Booker).

His claim that he received ineffective assistance with regard to his plea, however, falls outside the scope of his § 2255 waiver, because it is a direct challenge to the validity of the plea and, thus, the waiver. See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself"); cf. United States v. Branam, 231 F.3d 931, 931 n.1 (5th Cir. 2000) (considering defendant's argument that United States breached the plea agreement, despite an appeal-waiver provision in the plea agreement). Thus, the Court turns first to this claim.

**B.    Ineffective Assistance of Counsel As to Plea**

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994), cert. denied, 514 U.S. 1071 (1995) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove

either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

As noted, Lopez claims that he received ineffective assistance as to his plea because his attorney failed to investigate his case. He appears to be claiming that, had his attorney investigated his case, the attorney would have given different advice regarding the guilty plea, and Lopez would not have pleaded guilty. Thus, he is essentially claiming that his plea was not knowing. (D.E. 17 at 11-12).

The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. United States v. Garcia, 983 F.2d 625, 627-28 (5th Cir. 1993). At the time that Lopez pleaded guilty, the Court properly and fully assured itself that his plea was knowing and voluntary, as a trial judge is required to do. See James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995); Taylor v. Whitley, 933 F.2d 325, 329 (5th Cir. 1991), cert. denied, 112 S. Ct. 1678 (1992) (defendant must have a full understanding of what the plea connotes and of its consequences). Indeed, in this case, Lopez's own testimony makes clear that his guilty plea was knowing and voluntary.

At his rearraignment, Lopez testified in open court that he had received a copy of his indictment and discussed it with his attorney. (R. Tr. at 4-5). He testified that he had enough time to talk with his attorney about his case, that he was satisfied with his services, that his counsel had been a good lawyer, and that he was following Lopez's instructions. (R. Tr. at 5). The Court informed Lopez of the various trial rights available to him, and he testified that he understood that if he pleaded guilty, he would be giving up those trial rights.

(R. Tr. at 5-7). The Court informed Lopez of the charge against him and Lopez testified that he understood the charge. (R. Tr. at 7-8).

Consistent with Rule 11, Fed. R. Crim P., the Court explained to Lopez the maximum punishment that he might receive. Specifically, the Court informed him that he could be sentenced to a maximum of life in prison and a maximum fine of $4 million. The Court also informed him that there was a mandatory $100 special assessment, and a minimum supervised release term of five years. (R. Tr. at 8). The Court also explained that the offense included a mandatory minimum sentence of ten years. (Id.). Lopez testified that he understood. (Id.). Lopez further testified that no one had promised him what his sentence would be, that no one had threatened him or forced him to plead guilty, that no one had promised him leniency for pleading guilty, and that it was his decision to plead guilty. (R. Tr. at 9-10, 13).

Lopez's sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Put simply, Lopez's sworn statements preclude the relief he seeks here. Those sworn statements show that he understood the charge against him, understood the sentence he faced and the possible consequences of pleading guilty, and that there was no coercion. See Garcia, 983 F.2d at 627-28.

Additionally, to the extent his ineffective assistance claim is based on a failure to investigate, he has not provided the level of detail necessary to sustain such a claim. Indeed, he provides no specific information as to what his counsel should have investigated or what the additional investigation would have revealed that would have caused him to change his plea. United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989) ("A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."). Moreover, there is no presumption of prejudice based on a failure to investigate. Woodard v. Collins, 898 F.2d 1027, 1029 (5th Cir. 1990). Because Lopez has not raised any specific facts that would show prejudice as a result of counsel's alleged failure to investigate, his assault on his plea agreement and waiver, which is wholly dependent on the failure to investigate, fails. As a result, his waiver of § 2255 rights contained in his plea agreement is valid and enforceable. The effect of the waiver on his remaining claims is discussed more fully in the subsequent section.

**C.     Waiver of § 2255 Rights**

It is clear from the rearraignment that Lopez understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for his waiver to be enforceable. (R. Tr. at 12-13). See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up). Again, Lopez's statements under oath are entitled to a strong presumption of

truthfulness. Wilkes, 20 F.3d at 653; Cothran, 302 F.3d at 283-84. Those statements support a finding that his wavier was knowing and voluntary.

Moreover, the fact that Booker was not decided until after Lopez signed his waiver does not place his claim outside the scope of the waiver. The Fifth Circuit has clearly held that "Blakely [v. Washington, 124 S. Ct. 2531 (2004)] and Booker do not alter the plain meaning of appeal-waiver provisions in valid plea agreements." McKinney, 406 F.3d at 746-47 & n.5; see also, e.g., United States v. Killgo, 397 F.3d 628, n.2 (8th Cir. 2005) (enforcing waiver of appeal rights as to Sixth Amendment claim, noting that "[t]he fact that [defendant] did not anticipate the Blakely or Booker rulings does not place the issue outside the scope of his waiver"); United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005) (upholding waiver of appeal rights signed prior to Blakely in case raising Booker claim); United States v. Bradley, 400 F.3d 459, 465-66 (6th Cir. 2005) (enforcing defendant's waiver of appeal signed prior to Booker as barring his Booker claim and collecting federal circuit court authority in agreement).

In sum, the Court concludes that Lopez's waiver of his right to file a § 2255 motion is valid and enforceable. Thus, while his ineffective assistance claim as to his plea is denied on the merits, his remaining claims all fall within the scope of his waiver. Those claims, therefore, are not properly before the Court. See generally Wilkes, supra; White, supra; McKinney, supra. For these reasons, his § 2255 motion is DENIED in its entirety.

**D.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Lopez has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Lopez's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Similarly, as to the claims that this Court has addressed on procedural grounds, the Court finds that Lopez cannot establish at least one of the Slack criteria. Specifically, jurists of reasons would not find debatable this Court's ruling that his waiver bars his remaining claims. Accordingly, Lopez is not entitled to a COA as to his claims.

## V. CONCLUSION

For the above-stated reasons, Lopez's motion under 28 U.S.C. § 2255 (D.E. 17) is DISMISSED WITH PREJUDICE. The Court also DENIES him a Certificate of Appealability.

Ordered this 24th day of October 2005.

_____
HAYDEN HEAD
CHIEF JUDGE